UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KEVIN W. CASSADAY,

                Plaintiff,

-against-

PFIZER INC.; MODERNA,

                Defendants.

21-CV-8886 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is appearing *pro se*, brings this action invoking the Court's diversity jurisdiction. By order dated November 2, 2021, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* (IFP). The Court dismisses the complaint for the reasons set forth below.

## STANDARD OF REVIEW

The Court must dismiss a complaint, or portion thereof, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). While the law mandates dismissal on any of these grounds, the Court is obliged to construe pro se pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they suggest," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

A claim is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989), *abrogated on other grounds by Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007); *see also Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992)

(holding that "finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible"); *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) ("[A]n action is 'frivolous' when either: (1) the factual contentions are clearly baseless . . . ; or (2) the claim is based on an indisputably meritless legal theory.") (internal quotation marks and citation omitted).

## BACKGROUND

Plaintiff Kevin William Cassaday, a citizen of Michigan, brings his claims using the court's civil complaint form. He checks the box on the form to invoke the Court's diversity of citizenship jurisdiction. In response to the form's question, which is directed to litigants asserting federal question jurisdiction, asking for the specific federal statutes, federal treaties, or federal constitutional provisions that are at issue in the case, Plaintiff lists 18 U.S.C. § 1346, 21 U.S.C. § 351, and 21 U.S.C. § 355.[1]  (ECF 2, at 3.)

Plaintiff sues Pfizer, Inc., for which he provides a New York, New York address, and Moderna, for which he provides an address in Cambridge, Massachusetts. Plaintiff may also be seeking to assert claims against Pfizer Board Member Scott Gottlieb, M.D., although Plaintiff does not list Gottlieb in the caption of the complaint.

Plaintiff's statement of claim reads, "IT IS ALLEGED COVID-19 WAS ORCHESTRATED AS PLAINTIFF [H]AS ARGUED IN OTHER CASES WERE ARE GOING TO TELL THE WORLD WHAT HAS BEEN GOING ON, & HOLD THEM ACCOUNTABLE." (ECF 2, at 4.)

---

[1] 18 U.S.C. § 1346 is a provision of the United States Criminal Code that defines the term "scheme or artifice to defraud." 21 U.S.C. § 351 is a provision of the Federal Food, Drug, and Cosmetic Act pertaining to adulterated drugs or devices. 21 U.S.C. § 355 is a provision of the Federal Food, Drug, and Cosmetic Act pertaining to approval of new drugs.

In the section of the form asking him to state the damages or other relief he is seeking, Plaintiff writes,

> DEFENDANT'S 1 & 3 MET WITH THE THEN DONALD TRUMP LEADING INTO THE PANDEMIC ON (ROUGHLY) MARCH 2, 2020 & HAD THEM SLOW PLAY THEIR MANUFACTURE OF THE VACINNE TO PURGE SOCIETY, TARGETING PLTF. DEF. 2 HAS BEEN THE FACE KEEPING IT GOING ON NATIONAL TV HE KNOWS IT WAS A JOKE. BOTH DEF. 1 & 3 CREATED A VACINNE LACED WITH A "STEM CELL BOOSTER" LIKE SUBSTANCE TO MAKE SOCIETY MURACURUSLY HEALTHY. ALL VACCINES ARE SYNTHETIC. IT IS ALLEGED THE DE-REGULATION COMES INTO PLAY BECAUSE AFTER THE TESTING MODERNA MAY HAVE REMOVED THE STEM CELL PORTION, THUS NULLIFYING THE DATA. THERE ARE ARTICLES OF EXHIBITS TO SHOW THE HYPOCRITICAL NARRATIVE TO DEFLECT BLAME OF THE STAGED GAMES, WE HAVE ALL BEEN DOUPED BY RICH SNOB BOARD MEMBERS WHO ARE RACIST, THIS MAY BE IN RETALIATION TO THE OPIOID SCANDAL. ALL IS RETALIATION & TIED TO A 20% BONUS PAY FOR ALL COVID RELATED EXPENSES, DEF. 1 & 3 MAY HAVE USED THE MONEY TO BUILD UP THEIR FACILITIES HYPOCRITICALLY ON GOVERNMENT $.

(*Id.* at 4-5.)

## DISCUSSION

The Court dismisses the complaint as frivolous. Even when read with the "special solicitude" due *pro se* pleadings, *Triestman*, 470 F.3d at 474-75, Plaintiff's allegations that the COVID-19 pandemic was "orchestrated" and that Defendants – two pharmaceutical manufacturers – conspired with former President Donald Trump to slow the development of a vaccine in an attempt to "purge society" rise to the level of the irrational, and there is no legal theory on which he can rely. *See Denton*, 504 U.S. at 33. *Livingston*, 141 F.3d at 437. Nor has Plaintiff even alleged any facts indicating that he himself suffered any injury from the alleged scheme.

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*,

657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend and dismisses the action as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i).

## WARNING

This is not the first frivolous action Plaintiff has filed. In recommending the dismissal of a similar complaint filed by Plaintiff in the Western District of Michigan, Magistrate Judge Phillip J. Green noted that "[t]he present action is simply one of seventeen frivolous actions Plaintiff filed" in that court on August 19, 2021. *Cassaday v. Trump*, No. 1:21-CV-0710, Dkt. 7, at 3 (W.D. Mich. Aug. 26, 2021), *report and recommendation adopted*, No. 1:21-CV-0710, Dkt. 11 (W.D. Mich. Aug. 26, 2021). Another court in the Western District of Michigan noted that, in addition to the 17 actions filed on August 19, 2021, Plaintiff filed another 6 complaints on August 26, and 2 more on August 30, and that "[n]one of the 25 lawsuits contain sufficient details or facts to state a claim." *Cassaday v. United States Government*, No. 1:21-CV-0708, Dkt. 9, at 2 (W.D.Mich. Sept. 2, 2021). As a result of Plaintiff's litigation history, the Western District of Michigan barred Plaintiff from proceeding IFP in any future lawsuits in that court. *Id.* at 4.

In light of Plaintiff's litigation history, the Court warns Plaintiff that further frivolous or vexatious litigation in this court will result in an order barring Plaintiff from filing new actions IFP in this court, without prior permission. *See* 28 U.S.C. § 1651.

## CONCLUSION

The Court dismisses Plaintiff's complaint under 28 U.S.C. § 1915(e)(2)(B)(i) as frivolous.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

SO ORDERED.

Dated:  November 5, 2021
        New York, New York

                                    /s/ Laura Taylor Swain
                                    LAURA TAYLOR SWAIN
                                    Chief United States District Judge